# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO.

SHARTIA DUNCAN,

     Plaintiff                              **RECEIVED**
                                                  6/15/2022
     v.

CHARLES IRVAN AND URBAN
TRANSPORTATION LLC,

     Defendants.

**PLAINTIFF'S COMPLAINT AND CLAIM FOR JURY TRIAL**

**PARTIES**

1.    The Plaintiff, Shartia Duncan ("Duncan"), is a resident of Newark, New Jersey.

2.    The Defendant, Charles Irvan ("Irvan"), was at all times relevant a resident of Suffield, Connecticut.

3.    The Defendant, Urban Transportation LLC ("Urban Transportation") was at all times a foreign corporation with a principal place of business of 65 Highland Ridge Drive, Suffield, Connecticut.

**FACTS**

4.    The Plaintiff repeats and realleges paragraphs one through three as if expressly rewritten.

5.    On or about, May 17, 2022, Duncan was driving on I-495N in Chelmsford, Middlesex County, Massachusetts.

6.    On or about, May 17, 2022, the Defendant, Irvan was operating an eighteen-wheel vehicle on I-495 North in Chelmsford, Middlesex County, Massachusetts.

7.    The vehicle driven by Charles Irvan was owned and being driving with the express permission of Urban Transportation LLC.

8.      As the vehicles proceeded on I-495, the two vehicles collided.

9.      As a result of the crash, Duncan suffered serious injuries.

10.     At all material times hereto, the Plaintiff was in the exercise of due care.

11.     At the time of the crash, Irvan was operating the vehicle owned by Urban Transportation LLC within the course and scope of his employment.

12.     As a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered serious personal injuries; incurred medical expenses in excess of $2,000, suffered a loss of earning capacity; and, continues to suffer conscious pain and suffering.

## COUNT ONE - NEGLIGENCE
### Duncan v. Irvan

13.     The Plaintiff repeats and realleges paragraphs one through twelve as if expressly rewritten.

14.     The Defendant Irvan, owed a duty of reasonable care in the operation of his motor vehicle to all people, including the Plaintiff, Duncan.

15.     Irvan breached his duty of care when he crashed his vehicle into Duncan's vehicle.

16.     Additionally, Irvan needlessly endangered Duncan and all other drivers on the road by failing to:

        a.   Drive at a safe speed;
        b.   Bring his vehicle to a safe stop;
        c.   See what was there to be seen;
        d.   Safely maintain his vehicle on the roadway
        e.   Yield to other cars on the road;
        f.   Obey traffic controls;
        g.   Avoid hitting objects on the road; and,
        h.   Maintain control of his vehicle.

17.     As a direct and proximate result of the negligence of Irvan, the Plaintiff, Duncan, suffered personal injuries; lost wages; suffered an impairment of his earning capacity; incurred medical expenses in excess of $2,000; and, continues to suffer conscious pain and suffering.

        WHEREFORE, the Plaintiff, Duncan, requests that judgment be entered against the Defendants, jointly, in an amount to fully and adequately compensate for his damages, plus costs and interest thereon.

## COUNT TWO – NEGLIGENCE PER M.G.L. C. 231 SECTION 85A
### Duncan v. Urban Transportation LLC

18.     The Plaintiff repeats and re-alleges paragraph one through seventeen as if expressly rewritten.

19.     At the time of the crash, Irvan was operating a vehicle that was owned by the Defendant, Urban Transportation.

20.     At the time of the crash, Irvan was within the course and scope of his employment with Urban Transportation.

21.     Urban Transportation, as the registered owner of the motor vehicle negligently operated by Irvan on or about May 17, 2022, was legally responsible for its operation.

WHEREFORE, the Plaintiff, Shartia Duncan, requests that judgment be entered against the Defendants, jointly and severely, with all the Defendants herein, in an amount to fully and adequately compensate for her damages, plus costs and interest thereon.

### <u>JURY CLAIM</u>

The Plaintiff, Shartia Duncan, claims a trial by jury of all issues presented in this action.

SHARITA DUNCAN,

By Her Attorney,


*/s/ Chad M. Vacarella*

---

Chad M. Vacarella, BBO# 684243
  cvacarella@forthepeople.com
Morgan & Morgan
155 Federal Street
Suite 1502
Boston, MA 02110
Phone: 617.912.4926
Fax:   617.912.5194

Case 1:22-cv-11200-AK   Document 1-2   Filed 07/25/22   Page 6 of 36

| CIVIL ACTION COVER SHEET | | | DOCKET NUMBER | | Trial Court of Massachusetts 2<br>The Superior Court | |
|---|---|---|---|---|---|---|
| | | | | | COUNTY | Middlesex Superior Court (Woburn) |

| Plaintiff | Shartia Duncan | Defendant | Charles Irvan |
|---|---|---|---|
| ADDRESS: | 218 Pomona Ava, Newark, NJ 07112 | ADDRESS: | 65 Highland Ridge Drive, Suffield, CT, 06078 |
| | | | |
| | | | |
| **Plaintiff:** | | **Defendant:** | Urban Transportation LLC |
| ADDRESS: | | ADDRESS: | 65 Highland Ridge Drive, Suffield, CT, 06078 |
| | | | |
| | | | **RECEIVED** |
| **Plaintiff Attorney:** | Chad M. Vacarella | **Defendant Attorney:** | |
| ADDRESS: | Morgan and Morgan 155 Federal St, Suite 1502, Boston MA, 02110 | ADDRESS: | 6/15/2022 |
| | | | |
| | | | |
| BBO: | 684243 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES  ☒ NO | ☐ YES  ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses                                                     $200,000.00

    2. Total doctor expenses      $75,000.00

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)      $24,000.00

    | Air lift to Emergency Room |

                              Subtotal (1-5):      **$299,000.00**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses      $500,000.00

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

| |

                             TOTAL (A-F):      **$799,000.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

| Among other injuries, lacerations to the face, broken finger, traumatic brain injury, sever eye injuries and likely future eye amputation. |

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X    /s/ Chad M. Vacarella | Date: | June 14, 2022 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X   /s/ Chad M. Vacarella | Date:   June 14, 2022 |
|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (A) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER **2277CV00547** | **Trial Court of Massachusetts** **The Superior Court** |
|---|---|---|

| CASE NAME: Sharita Duncan vs. Charles Irvan et al | Thomas H. Driscoll, Jr., Clerk of Courts |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Essex County Superior Court - Salem J. Michael Ruane Judicial Center 56 Federal Street Salem, MA 01970 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                          **DEADLINE**

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 09/13/2022 |  |
| Response to the complaint filed (also see MRCP 12) |  | 10/13/2022 |  |
| All motions under MRCP 12, 19, and 20 | 10/13/2022 | 11/14/2022 | 12/12/2022 |
| All motions under MRCP 15 | 10/13/2022 | 11/14/2022 | 12/12/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/11/2023 |  |  |
| All motions under MRCP 56 | 05/11/2023 | 06/12/2023 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 10/10/2023 |
| Case shall be resolved and judgment shall issue by |  |  | 06/14/2024 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED **06/15/2022** | ASSISTANT CLERK **Jose Mejia** | PHONE **(978)825-4800** |
|---|---|---|

Date/Time Printed: 06-15-2022 10:15:40

SCV026\ 08/2018

# AMENDED

6/27/2022

## COMMONWEALTH OF MASSACHUSETTS

**RECEIVED**

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        CIVIL ACTION NO. 2277CV00547

SHARTIA DUNCAN,

      Plaintiff

       v.

CHARLES URBAN AND URBANS
TRANSPORTATION, LLC,

      Defendants.

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND CLAIM FOR JURY TRIAL

### PARTIES

1.    The Plaintiff, Shartia Duncan ("Duncan"), is a resident of Newark, New Jersey.

2.    The Defendant, Charles Urban ("Irban"), was at all times relevant a resident of Suffield, Connecticut.

3.    The Defendant, Urban Transportations, LLC ("Urban Transportation") was at all times a foreign corporation with a principal place of business of 65 Highland Ridge Drive, Suffield, Connecticut.

### FACTS

4.    The Plaintiff repeats and realleges paragraphs one through three as if expressly rewritten.

5.    On or about, May 17, 2022, Duncan was driving on I-495N in Chelmsford, Middlesex County, Massachusetts.

6.    On or about, May 17, 2022, the Defendant, Urban was operating an eighteen-wheel vehicle on I-495 North in Chelmsford, Middlesex County, Massachusetts.

7.    The vehicle driven by Charles Urban was owned and being driving with the express permission of Urban Transportations, LLC.

8.      As the vehicles proceeded on I-495, the two vehicles collided.

9.      As a result of the crash, Duncan suffered serious injuries.

10.     At all material times hereto, the Plaintiff was in the exercise of due care.

11.     At the time of the crash, Urban was operating the vehicle owned by Urban
        Transportations, LLC within the course and scope of his employment.

12.     As a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered
        serious personal injuries; incurred medical expenses in excess of $2,000, suffered a loss
        of earning capacity; and, continues to suffer conscious pain and suffering.

## COUNT ONE - NEGLIGENCE
### Duncan v. Urban

13.     The Plaintiff repeats and realleges paragraphs one through twelve as if expressly
        rewritten.

14.     The Defendant Urban, owed a duty of reasonable care in the operation of his motor
        vehicle to all people, including the Plaintiff, Duncan.

15.     Urban breached his duty of care when he crashed his vehicle into Duncan's vehicle.

16.     Additionally, Urban needlessly endangered Duncan and all other drivers on the road by
        failing to:

        a.   Drive at a safe speed;
        b.   Bring his vehicle to a safe stop;
        c.   See what was there to be seen;
        d.   Safely maintain his vehicle on the roadway
        e.   Yield to other cars on the road;
        f.   Obey traffic controls;
        g.   Avoid hitting objects on the road;
        h.   Using proper safety equipment;
        i.   Using hazardous lights and reflective warning equipment; and,
        j.   Maintain control of his vehicle.

17.     As a direct and proximate result of the negligence of Urban, the Plaintiff, Duncan,
        suffered personal injuries; lost wages; suffered an impairment of his earning capacity;
        incurred medical expenses in excess of $2,000; and, continues to suffer conscious pain
        and suffering.

        WHEREFORE, the Plaintiff, Duncan, requests that judgment be entered against the

Defendants, jointly, in an amount to fully and adequately compensate for his damages, plus costs and interest thereon.

**COUNT TWO – NEGLIGENCE PER M.G.L. C. 231 SECTION 85A**
Duncan v. Urban Transportation LLC

18.    The Plaintiff repeats and re-alleges paragraph one through seventeen as if expressly rewritten.

19.    At the time of the crash, Urban was operating a vehicle that was owned by the Defendant, Urban Transportation.

20.    At the time of the crash, Urban was within the course and scope of his employment with Urban Transportation.

21.    Urban Transportation, as the registered owner of the motor vehicle negligently operated by Urban on or about May 17, 2022, was legally responsible for its operation.

WHEREFORE, the Plaintiff, Shartia Duncan, requests that judgment be entered against the Defendants, jointly and severely, with all the Defendants herein, in an amount to fully and adequately compensate for her damages, plus costs and interest thereon.

## <u>JURY CLAIM</u>

The Plaintiff, Shartia Duncan, claims a trial by jury of all issues presented in this action.

SHARITA DUNCAN,

By Her Attorney,

*/s/ Chad M. Vacarella*

Chad M. Vacarella, BBO# 684243
  cvacarella@forthepeople.com
Morgan & Morgan
155 Federal Street
Suite 1502
Boston, MA 02110
Phone: 617.912.4926
Fax:    617.912.5194

DATE: 6/27/22

Date Filed 7/1/2022 9:35 AM
Superior Court - Essex
Docket Number 2277CV00547    Case 1:22-cv-11200-AK   Document 1-2   Filed 07/25/22   Page 14 of 36

4

COMMONWEALTH OF MASSACHUSETTS                    7/1/2022

ESSEX, SS.                                    ESSEX SUPERIOR COURT
                                              CIVIL ACTION NO. 2277CV00547

                                                      RECEIVED

```
SHARTIA DUNCAN,

        Plaintiff

            v.

CHARLES IRVAN AND URBAN
TRANSPORTATION LLC,


        Defendants.
```

## PLAINTIFF'S MOTION TO FILE A SECOND AMENDEMENT AND TO TRANSFER TO MIDDLESEX SUPERIOR COURT

NOW COMES Shartia Duncan, Plaintiff in the above-captioned matter, and respectfully requests this Honorable Court to transfer this matter to the Middlesex Superior Court. As reasons therefore, Plaintiff states the following:

1. This matter was originally filed on June 15, 2022.

2. As indicated in the complaint, the matter involves a motor vehicle accident between the plaintiff's vehicle and the Defendants' tractor trailer that occurred on May 17, 2022. The injuries sustained by the Plaintiff include the loss of vision in one eye, multiple facial fractures requiring surgery in August, and severe traumatic brain injuries.

3. At the time Plaintiff's counsel filed the complaint, there was limited information about the defendants. Although the state troopers had not completed their investigation, the undersigned was told that the defendants' names were Charles Irvan and Irvan Transportation. Accordingly, Plaintiff filed the lawsuit against these Defendants in an effort to put them on notice of the claims and to preserve the tractor trailer evidence.

4. Plaintiff's counsel amended the complaint on June 27, 2022. However, the first amended complaint contains several instances of the name being incorrect in the body of the complaint.

5. Since that time, Plaintiff's counsel has learned from the attorney for the Defendants that the actual spelling of the Defendants' names/entities are Charles Urban and Urbans Transportation, LLC.

6. Plaintiff's counsel wishes to correct these inconsistencies to ensure the Defendants are aware of the claims made against them. Defendant's counsel is aware of these typographical errors and is agreeable with the proposed amendments. A copy of the Second Amended Complaint is attached as Exhibit A.

7. Additionally, no responsive pleading has been filed.

8. Additionally, Plaintiff's counsel wishes to amend the venue for this matter.

9. The Complaint was inadvertently filed in the Essex Superior Court through the Massachusetts eFile system, "Odyssey File & Serve.". Indeed, the Complaint references Middlesex County as the proper venue.

10. The Complaint was intended to be filed in the Middlesex Superior Court. Plaintiff is from New Jersey. Defendants are from Connecticut. The only relationship with the Commonwealth of Massachusetts is the fact that the accident occurred in Chelmsford, MA.

11. The undersigned has spoken with the attorney for the defendants and, again, he is in agreement that this matter should be transferred to Middlesex County.

WHEREFORE, Plaintiff requests this Honorable Court allow the Second Amendment to the Complaint and thereafter transfer this matter to the Middlesex Superior Court.

Respectfully Submitted,

The Plaintiff,
SHARITA DUNCAN,

By Her Attorney,

Chad M. Vacarella, BBO# 684243
cvacarella@forthepeople.com
Morgan & Morgan 155
Federal Street
Suite 1502
Boston, MA 02110
Phone: 617.912.4926
Fax:    617.912.5194

Date Filed 7/5/2022 11:10 AM
Superior Court - Essex
Docket Number 2277CV00547   Case 1:22-cv-11200-AK   Document 1-2   Filed 07/25/22   Page 16 of 36

5

7/5/2022

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    ESSEX SUPERIOR COURT
                                             CIVIL ACTION NO. 2277CV00547        RECEIVED

---

SHARTIA DUNCAN,

      Plaintiff

       v.

CHARLES IRVAN AND URBAN
TRANSPORTATION LLC,

      Defendants.

---

## **MOTION TO WITHDRAW MOTION**

On July 1, 2022, our office submitted a Motion to File Second Amendment and to Transfer Venue. Unfortunately, upon submission of the document, the enclosed exhibit was inadvertently not attached. Therefore, we respectfully request a motion to withdraw this motion to allow correction and re submission.

                Respectfully Submitted,
                The Plaintiff,
                SHARITA DUNCAN,

                By Her Attorney,

                _____
                Chad M. Vacarella, BBO# 684243
                cvacarella@forthepeople.com
                Morgan & Morgan 155
                Federal Street
                Suite 1502
                Boston, MA 02110
                Phone: 617.912.4926
                Fax:    617.912.5194

7/5/2022

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

ESSEX SUPERIOR COURT
CIVIL ACTION NO. 2277CV00547

**RECEIVED**

---

SHARTIA DUNCAN,

Plaintiff

v.

CHARLES IRVAN AND URBAN
TRANSPORTATION LLC,

Defendants.

---

## MOTION TO WITHDRAW MOTION

On July 1, 2022, our office submitted a Motion to File Second Amendment and to Transfer Venue. Unfortunately, upon submission of the document, the enclosed exhibit was inadvertently not attached. Therefore, we respectfully request a motion to withdraw this motion to allow correction and re submission.

Respectfully Submitted,
The Plaintiff,
SHARITA DUNCAN,

By Her Attorney,

Chad M. Vacarella, BBO# 684243
cvacarella@forthepeople.com
Morgan & Morgan 155
Federal Street
Suite 1502
Boston, MA 02110
Phone: 617.912.4926
Fax:    617.912.5194

*Allowed to withdraw motion*

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    ESSEX SUPERIOR COURT
                                              CIVIL ACTION NO. 2277CV00547

SHARTIA DUNCAN,

     Plaintiff

       v.

CHARLES IRVAN AND URBAN
TRANSPORTATION LLC,

     Defendants.

## <u>ASSENTED TO MOTION TO FILE A SECOND AMENDEMENT</u>

NOW COMES Shartia Duncan, Plaintiff in the above-captioned matter, and respectfully requests this Honorable Court transfer this matter to the Middlesex Superior Court. As reasons therefore, Plaintiff states the following:

1. This matter was originally filed on June 15, 2022.

2. As indicated in the complaint, the matter involves a motor vehicle accident between the plaintiff's vehicle and the Defendants' tractor trailer that occurred on May 17, 2022.  The injuries sustained by the Plaintiff include the loss of vision in one eye, multiple facial fractures requiring surgery in August, and severe traumatic brain injuries.

3. At the time Plaintiff's counsel filed the complaint, there was limited information about the defendants. Although the state troopers had not completed their investigation, the undersigned was told that the defendants' names were "Charles Irvan" and "Irvan Transportation." Accordingly, Plaintiff filed the lawsuit against these Defendants in an effort to put them on notice of the claims and to preserve the tractor trailer evidence.

4. Plaintiff's counsel amended the complaint on June 27, 2022.  However, the first amended complaint contains several instances of the name being incorrect in the body of the complaint.

5. Since that time, Plaintiff's counsel has learned from the attorney for the Defendants that the actual spelling of the Defendants' names/entities are Charles Urban and Urbans Transportation, LLC.

6. Plaintiff's counsel wishes to correct these inconsistencies to ensure the Defendants are aware of the claims made against them.  Defendant's counsel is aware of these typographical errors and is agreeable with the proposed amendments. A copy of the Second Amended Complaint is attached as <u>Exhibit A</u>.

7. Additionally, no responsive pleading has been filed.

8. The undersigned has spoken with the attorney for the defendants and, again, he assents to the correction in the names of his clients.

WHEREFORE, Plaintiff requests this Honorable Court allow the Second Amendment to the Complaint.

Respectfully Submitted,

The Plaintiff,
SHARITA DUNCAN,

By Her Attorney,

Chad M. Vacarella, BBO# 684243
cvacarella@forthepeople.com
Morgan & Morgan
155 Federal Street
Suite 1502
Boston, MA 02110
Phone: 617.912.4926
Fax:     617.912.5194

# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                             CIVIL ACTION NO.  2277 CV 000547

---

SHARTIA DUNCAN,

      Plaintiff

      v.

CHARLES URBAN AND URBANS
TRANSPORTATION, LLC,


      Defendants.

---

### PLAINTIFF'S SECOND AMENDED COMPLAINT AND CLAIM FOR JURY TRIAL

#### PARTIES

1.      The Plaintiff, Shartia Duncan ("Duncan"), is a resident of Newark, New Jersey.

2.      The Defendant, Charles Urban ("Urban"), was at all times relevant a resident of Suffield, Connecticut.

3.      The Defendant, Urbans Transportation, LLC ("Urbans Transportation") was at all times a foreign corporation with a principal place of business of 65 Highland Ridge Drive, Suffield, Connecticut.

#### FACTS

4.      The Plaintiff repeats and realleges paragraphs one through three as if expressly rewritten.

5.      On or about, May 17, 2022, Duncan was driving on I-495N in Chelmsford, Middlesex County, Massachusetts.

6.      On or about, May 17, 2022, the Defendant, Urban was operating an eighteen-wheel vehicle on I-495 North in Chelmsford, Middlesex County, Massachusetts.

7.      The vehicle driven by Charles Urban was owned and being driving with the express permission of Urbans Transportations, LLC.

8.      As the vehicles proceeded on I-495, the two vehicles collided.

9.      As a result of the crash, Duncan suffered serious injuries.

10.     At all material times hereto, Duncan was in the exercise of due care.

11.     At the time of the crash, Urban was operating the vehicle owned by Urbans Transportation, LLC within the course and scope of his employment.

12.    As a direct and proximate result of the negligence of the Defendants, the Plaintiff suffered serious personal injuries; incurred medical expenses in excess of $2,000, suffered a loss of earning capacity; and, continues to suffer conscious pain and suffering.

### COUNT ONE - NEGLIGENCE
Duncan v. Urban

13.    The Plaintiff repeats and realleges paragraphs one through twelve as if expressly rewritten.

14.    The Defendant Urban, owed a duty of reasonable care in the operation of his motor vehicle to all people, including the Plaintiff, Duncan.

15.    Urban breached his duty of care when he crashed his vehicle into Duncan's vehicle.

16.    Additionally, Urban needlessly endangered Duncan and all other drivers on the road by failing to:

      a.   Drive at a safe speed;
      b.   Bring his vehicle to a safe stop;
      c.   See what was there to be seen;
      d.   Safely maintain his vehicle on the roadway
      e.   Yield to other cars on the road;
      f.   Obey traffic controls;
      g.   Avoid hitting objects on the road;
      h.   Using proper safety equipment;
      i.   Using hazardous lights and reflective warning equipment;
      j.   Safely park his truck on the side of the road;
      k.   Use the nearby rest stop; and,
      l.   Maintain control of his vehicle.

17.    As a direct and proximate result of the negligence of Urban, the Plaintiff, Duncan, suffered personal injuries; lost wages; suffered an impairment of her earning capacity; incurred medical expenses in excess of $2,000; and, continues to suffer conscious pain and suffering.

WHEREFORE, the Plaintiff, Duncan, requests that judgment be entered against the Defendants, jointly, in an amount to fully and adequately compensate for his damages, plus costs and interest thereon.

### COUNT TWO – NEGLIGENCE PER M.G.L. C. 231 SECTION 85A
Duncan v. Urbans Transportation LLC

18.    The Plaintiff repeats and re-alleges paragraph one through seventeen as if expressly rewritten.

19.    At the time of the crash, Urban was operating a vehicle that was owned by the Defendant, Urbans Transportation.

20.    At the time of the crash, Urban was within the course and scope of his employment with Urbans Transportation.

21.    Urbans Transportation, as the registered owner of the motor vehicle negligently operated by Urban on or about May 17, 2022, was legally responsible for its operation.

WHEREFORE, the Plaintiff, Shartia Duncan, requests that judgment be entered against the Defendants, jointly and severely, with all the Defendants herein, in an amount to fully and adequately

compensate for her damages, plus costs and interest thereon.

## **JURY CLAIM**

The Plaintiff, Shartia Duncan, claims a trial by jury of all issues presented in this action.

SHARITA DUNCAN,

By Her Attorney,


*/s/ Chad M. Vacarella*

Chad M. Vacarella, BBO# 684243
  cvacarella@forthepeople.com
Morgan & Morgan
155 Federal Street
Suite 1502
Boston, MA 02110
Phone: 617.912.4926
Fax:    617.912.5194

COMMONWEALTH OF MASSACHUSETTS

RECEIVED

ESSEX, SS.                                          ESSEX SUPERIOR COURT
                                                    CIVIL ACTION NO. 2277CV00547 *A*

SHARTIA DUNCAN,

    Plaintiff

    v.

CHARLES URBAN AND URBANS
TRANSPORTATION, LLC,

    Defendants.

**ASSENTED TO MOTION TO FILE A SECOND AMENDED COMPLAINT[1]**

NOW COMES Shartia Duncan, Plaintiff in the above-captioned matter, and respectfully requests this Honorable Court allow Plaintiff to file a Second Amended Complaint. As reasons therefore, Plaintiff states the following:

1. This matter was originally filed on June 15, 2022.

2. As indicated in the original Complaint, the matter involves a motor vehicle accident between the plaintiff's vehicle and the Defendants' tractor trailer that occurred on May 17, 2022. The injuries sustained by the Plaintiff include the loss of vision in one eye, multiple facial fractures requiring surgery in August, and severe traumatic brain injuries.

3. At the time Plaintiff's counsel filed the complaint, there was limited information about the defendants. Although the state troopers had not completed their investigation, the undersigned was told that the defendants' names were "Charles Irvan" and "Irvan Transportation." Accordingly, Plaintiff filed the lawsuit against these Defendants in an effort to put them on notice of the claims and to preserve the tractor trailer evidence.

4. Plaintiff's counsel amended the complaint on June 27, 2022. However, the first amended complaint contains several instances of the name being incorrect in the body of the complaint.

5. Since that time, Plaintiff's counsel has learned from the attorney for the Defendants that the actual spelling of the Defendants' names/entities are Charles Urban and Urbans Transportation, LLC.

---

[1] Although no defendant has been served and no attorney has entered an appearance in this matter, counsel for the defendants has contacted the undersigned and assents to the correction of the name change.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                         SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO. 2277CV00547 *4*

SHARTIA DUNCAN,

    Plaintiff

    v.

CHARLES URBAN AND URBANS
TRANSPORTATION, LLC,

    Defendants.

## PLAINTIFF'S SECOND AMENDED COMPLAINT AND CLAIM FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Shartia Duncan ("Duncan"), is a resident of Newark, New Jersey.

2. The Defendant, Charles Urban ("Urban"), was at all times relevant a resident of Suffield, Connecticut.

3. The Defendant, Urbans Transportation, LLC ("Urbans Transportation") was at all times a foreign corporation with a principal place of business of 65 Highland Ridge Drive, Suffield, Connecticut.

### FACTS

4. The Plaintiff repeats and realleges paragraphs one through three as if expressly rewritten.

5. On or about, May 17, 2022, Duncan was driving on I-495N in Chelmsford, Middlesex County, Massachusetts.

6. On or about, May 17, 2022, the Defendant, Urban was operating an eighteen-wheel vehicle on I-495 North in Chelmsford, Middlesex County, Massachusetts.

7. The vehicle driven by Charles Urban was owned and being driving with the express permission of Urbans Transportations, LLC.

8. As the vehicles proceeded on I-495, the two vehicles collided.

9. As a result of the crash, Duncan suffered serious injuries.

10. At all material times hereto, Duncan was in the exercise of due care.

11. At the time of the crash, Urban was operating the vehicle owned by Urbans Transportation, LLC within the

course and scope of his employment.

12.     As a direct and proximate result of the negligence of the Defendants, the Plaintiff suffered serious personal injuries; incurred medical expenses in excess of $2,000, suffered a loss of earning capacity; and, continues to suffer conscious pain and suffering.

## COUNT ONE - NEGLIGENCE
### Duncan v. Urban

13.     The Plaintiff repeats and realleges paragraphs one through twelve as if expressly rewritten.

14.     The Defendant Urban, owed a duty of reasonable care in the operation of his motor vehicle to all people, including the Plaintiff, Duncan.

15.     Urban breached his duty of care when he crashed his vehicle into Duncan's vehicle.

16.     Additionally, Urban needlessly endangered Duncan and all other drivers on the road by failing to:

> a.   Drive at a safe speed;
> b.   Bring his vehicle to a safe stop;
> c.   See what was there to be seen;
> d.   Safely maintain his vehicle on the roadway
> e.   Yield to other cars on the road;
> f.   Obey traffic controls;
> g.   Avoid hitting objects on the road;
> h.   Using proper safety equipment;
> i.   Using hazardous lights and reflective warning equipment;
> j.   Safely park his truck on the side of the road;
> k.   Use the nearby rest stop; and,
> l.   Maintain control of his vehicle.

17.     As a direct and proximate result of the negligence of Urban, the Plaintiff, Duncan, suffered personal injuries; lost wages; suffered an impairment of her earning capacity; incurred medical expenses in excess of $2,000; and, continues to suffer conscious pain and suffering.

        WHEREFORE, the Plaintiff, Duncan, requests that judgment be entered against the Defendants, jointly, in an amount to fully and adequately compensate for his damages, plus costs and interest thereon.

## COUNT TWO – NEGLIGENCE PER M.G.L. C. 231 SECTION 85A
### Duncan v. Urbans Transportation LLC

18.     The Plaintiff repeats and re-alleges paragraph one through seventeen as if expressly rewritten.

19.     At the time of the crash, Urban was operating a vehicle that was owned by the Defendant, Urbans Transportation.

20.     At the time of the crash, Urban was within the course and scope of his employment with Urbans Transportation.

21.     Urbans Transportation, as the registered owner of the motor vehicle negligently operated by Urban on or about May 17, 2022, was legally responsible for its operation.

        WHEREFORE, the Plaintiff, Shartia Duncan, requests that judgment be entered against the

Defendants, jointly and severely, with all the Defendants herein, in an amount to fully and adequately compensate for her damages, plus costs and interest thereon.

### JURY CLAIM

The Plaintiff, Shartia Duncan, claims a trial by jury of all issues presented in this action.

SHARITA DUNCAN,

By Her Attorney,

*/s/ Chad M. Vacarella*

Chad M. Vacarella, BBO# 684243
  cvacarella@forthepeople.com
Morgan & Morgan
155 Federal Street
Suite 1502
Boston, MA 02110
Phone: 617.912.4926
Fax:    617.912.5194

| **Summons** | CIVIL DOCKET NO.<br>227CV00547 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>Shartia Duncan<br><br>Plaintiff(s)<br>VS.<br><br>Urban Transportation LLC<br>Et AL<br>Defendant(s) | Thomas H. Driscoll, Jr.              Clerk of Courts<br>Essex                                County<br>COURT NAME & ADDRESS:<br>Essex county superior<br>court<br>43 Appleton way<br>lawrence, MA  01840 |
|---|---|

THIS SUMMONS IS DIRECTED TO Charles Urban _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**
To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Essex              Court (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
Chad M. vacarella
% morgan & morgan

3. **What to Include in Your Response.** 155 Federal St, Suite 1502, Boston, MA, 02110
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**
You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**
The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____ , Chief Justice on _____ , 20 ____ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

rev. 7/21

| **Summons** | CIVIL DOCKET NO.<br><br>227CV00547 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

CASE NAME:

Shartia  Duncan

Plaintiff(s)

vs.

urban transportation LLC

ET  Al

Defendant(s)

Thomas H. Driscoll, Jr.          Clerk of Courts

Essex                                      County

COURT NAME & ADDRESS:

Essey  County Superior
Court

43  Appleton way
Lawrence, MA 01840

---

THIS SUMMONS IS DIRECTED TO  urban transportation LLC (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the                    Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business,  Essex          Court

    (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

    Chad Vacarella
    Yo morgan & morgan

3. **What to Include in Your Response.** 155 Federal St, Suite 1502, Boston, MA 02110

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. ___Heidi E. Brieger___ , Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____      Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

rev. 7/21

| Summons | CIVIL DOCKET NO. 227CV00547 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **CASE NAME:** Shartia Duncan | | Thomas H. Driscoll, Jr.    Clerk of Courts |
| VS. **Plaintiff(s)** | | Essex    County |
| Urban Transportation LLC Et AL **Defendant(s)** | | **COURT NAME & ADDRESS:** Essex County superior court 43 Appleton Way Lawrence, MA 01840 |

THIS SUMMONS IS DIRECTED TO Charles urban _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business,   Essex   Court (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Chad M. Vacarella % morgan & morgan

**3. What to Include in Your Response.** 155 Federal St, Suite 1502, Boston, MA, 02110

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____ , Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on 7/21/22 . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

Accepted by counsel on behalf of Charles Urban

Dated: 7/21/2022

Signature: _____
BRETT R. CARSON

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 7/21

| **Summons** | CIVIL DOCKET NO. | **Trial Court of Massachusetts** |
| --- | --- | --- |
| | 227CV00547 | **The Superior Court** |

CASE NAME:

Shartha Duncan

Plaintiff(s)

vs.

urban transportation LLC

ET Al

Defendant(s)

| Thomas H. Driscoll, Jr. | Clerk of Courts |
| --- | --- |
| Essex | County |

COURT NAME & ADDRESS:

Essex County Superior Court

43 Appleton Way

lawrence, MA 01840

THIS SUMMONS IS DIRECTED TO  Urban transportation LLC  (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the                      Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business,  Essex  Court
   (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

   Chad Vacarella
   ℅ morgan & morgan
   155 federal St, Suite 1502, Boston, MA 02110

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Heidi E. Brieger_____ , Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _7/21/22_ _Accepted_ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_Accepted by Counsel for Urbans Transportation, LLC_

Dated: _7/21/2022_                    Signature: _BRETT R. CORSON_

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 7/21